OPINION
{¶ 1} On July 10, 1998, the Fairfield County Grand Jury indicted appellant, Rashid Hassan Muhammad, on one count of aggravated robbery in violation of R.C. 2911.01 and one count of assault on a peace officer in violation of R.C. 2903.13. On January 12, 1999, appellant entered a plea agreement wherein he pled guilty to the assault charge. The aggravated robbery charge was dismissed. By judgment entry filed same date, the trial court sentenced appellant to fourteen months in prison.
 {¶ 2} On February 26, 1999, appellant was granted judicial release and was placed on three years of community control. On May 13, 2002, appellee filed a motion to revoke appellant's community control. Appellant waived his right to a hearing. By judgment entry filed March 27, 2003, the trial court found appellant violated the terms and conditions of his community control, and re-imposed the suspended sentence.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed harmful error in ordering the revocation of the Defendant-Appellant's Community Control Status."
 II {¶ 5} "The Defendant-Appellant was denied the effective assistance of trial counsel."
 I {¶ 6} Appellant claims the trial court lacked jurisdiction to revoke his community control as the term of his community control had expired prior to the filing of the motion to revoke.
 {¶ 7} In its brief at 4, the state claims, "Counsel for Appellee does not believe Appellant's Assignment of Error is incorrect." The state noted appellant's community control expired on February 26, 2002, and the motion to revoke was filed on May 13, 2002.
 {¶ 8} Based upon the concession by the state, we find the trial court lacked jurisdiction to revoke appellant's community control.
 {¶ 9} Assignment of Error I is granted.
 II {¶ 10} Because of our decision in Assignment of Error I, this assignment is moot.
 {¶ 11} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby vacated.
Hoffman, P.J. and Edwards, J. concur.